## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF INDIANA
## HAMMOND DIVISION

| | | |
|---|---|---|
| ROOSEVELT PICKETT, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 2:05-CV-387 |
| | ) | (2:04-CR-27) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

### O P I N I O N   A N D   O R D E R

This matter is before the Court on: (1) the Motion Under 28 USC § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed by Petitioner on October 24, 2005 and (2) Government's Motion to Dismiss Petitioner's Section 2255 Petition, filed on January 24, 2006.  For the reasons set forth below, the section 2255 motion is **DENIED** and the Government's motion to dismiss is **GRANTED**.  The Clerk is **ORDERED** to **DISMISS** this case with prejudice.

BACKGROUND

Pursuant to a plea agreement, Petitioner plead guilty to Count I of the indictment, charging him with possession with intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of cocaine base, commonly known as crack cocaine, in violation of 21 U.S.C. section 841(a)(1).  Petitioner was sentenced to the minimum term of incarceration permitted under the statute.  He did not appeal his conviction, but eventually

initiated this pro se action seeking to vacate his conviction and sentence, alleging numerous constitutional errors.

DISCUSSION

Petitioner was indicted on April 8, 2004. On June 14, 2004, the Government and Petitioner filed a petition to enter a change of plea. That document, signed by Petitioner and his attorney, provided, among other things, that in exchange for Petitioner pleading guilty to count I of the indictment, the Government would recommend a full three level reduction for acceptance of responsibility and file a departure motion with the court pursuant to sentencing guideline section 5K-1.1 and 18 U.S.C. § 3553(e).

Additionally, Petitioner's plea agreement included the following waiver provision.

> I understand that the offense to which I am pleading guilty falls under the Sentencing Guidelines promulgated by the United States Sentencing Commission under Title 28, United States Code, Section 994. I am aware that my sentence will be determined in accordance with the United States Sentencing Guidelines and this plea agreement. I agree that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for my offenses(s) as set forth in this plea agreement. With that understanding, I expressly waive my right to appeal my conviction, my sentence and any restitution order to any Court on any ground, including any claim of ineffective assistance of counsel. I also agree not to contest my conviction, my sentence, any restitution order imposed, or the manner in which my conviction, the sentence or the restitution order was determined or imposed on any ground including any alleged ineffective assistance of counsel in any appeal under Title 18,, United States

> Code, Section 3742 or in any post-conviction proceeding, including but not limited to, a proceeding under Title 28, United States Code, Section 2255.

(Plea Agreement at ¶ 9(i)).

On June 14, 2004, Petitioner appeared before this Court, who conducted a thorough Federal Rule of Criminal Procedure 11 colloquy and eventually accepted Petitioner's guilty plea. During this hearing, Petitioner indicated that he had read the plea agreement, discussed it with his attorney, and that he understood it. (Change of Plea Hearing Transcript at 9-10.) With Petitioner was represented by Lonnie M. Randolph, Sr. at this hearing. Petitioner indicated he was fully satisfied with his counsel and the advice given to him by counsel. (Id. at 9.) And, the Court reviewed the waiver of collateral relief during the plea hearing. (Id. at 28-31.)

Following the probation department's preparation of the presentence investigation report, Petitioner appeared before the Court on September 1, 2004 for sentencing. After hearing testimony from Petitioner, Petitioner's counsel moved for a continuance, and it was granted. The sentencing hearing resumed on November 22, 2004. At the hearing, this Court found that the minimum sentence under the Guidelines was 97 months imprisonment. The Government initially recommended that Petitioner be sentenced to the minimum term of imprisonment under the guidelines, but then recalled that a statutory minimum of 120 months applied, trumping the guidelines to the extent they fell below 120 months. The hearing was

continued again to permit counsel for Petitioner to research whether any law would support a sentence below the statutory minimum sentence. On February 16, 2005, the sentencing hearing resumed yet again. The Court found that the minimum sentence of 10 years under the statute trumped the sentencing guidelines, and sentenced Petitioner to 120 months of imprisonment, followed by a 5 year term of supervised release. As indicated above, Petitioner did not file an appeal with the Seventh Circuit.

In his motion, Petitioner raises several claims. In his own words, Petitioner's claims are as follows:

> A. Petitioner has the right to a trial by jury of every fact necessary to constitute the crime from which he is charged.
> B. This Court was without jurisdiction to sentence Petitioner to any facts or elements not charged in the indictment and proven to a jury beyond a reasonable doubt.
> C. Petitioner is actually innocent of any enhanced or judge found sentence, which is a grave miscarriage of justice and slavery.
> D. The Due Process Clause protects Petitioner from the ill-effect of judicial rewriting of statutes when that rewriting occurred after Petitioner's crime was committed.
> E. Any judgment imposed by this Court on facts not found by the jury is void ab initio, as the Supreme Court cannot authorize this Court to abrogate Petitioner's rights secured and guaranteed by the Constitution.
> F. Petitioner's Counsel in this instant case was totally ineffective.
> G. Booker is retroactive for every case between November 1, 1987 and January 12, 2005.

<u>Habeas Corpus Relief</u>

Habeas corpus relief under 28 U.S.C. section 2255 is reserved for "extraordinary situations." *Prewitt v. United States*, 83 F.3d

812, 816 (7th Cir. 1996). In order to proceed on a habeas corpus petition pursuant to 28 U.S.C. section 2255, a federal prisoner must show that the district court sentenced him in violation of the Constitution or laws of the United States, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack. *Id.*

A section 2255 motion is neither a substitute for nor recapitulation of a direct appeal. *Id.; see also Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992), *overruled on other grounds by Catellanos v. United States*, 26 F.3d 717 (7th Cir. 1994). As a result:

> [T]here are three types of issues that a section 2255 motion cannot raise: (1) issues that were raised on direct appeal, absent a showing of changed circumstances; (2) nonconstitutional issues that could have been but were not raised on direct appeal; and (3) constitutional issues that were not raised on direct appeal, unless the section 2255 petitioner demonstrates cause for the procedural default as well as actual prejudice from the failure to appeal.

*Belford*, 975 F.2d at 313. Additionally, aside from demonstrating "cause" and "prejudice" from the failure to raise constitutional errors on direct appeal, a section 2255 petitioner may alternatively pursue such errors after demonstrating that the district court's refusal to consider the claims would lead to a fundamental miscarriage of justice. *McCleese v. Untied States*, 75 F.3d 1174, 1177 (7th Cir. 1996).

In assessing Petitioners's motion, the Court is mindful of the well-settled principle that, when interpreting a pro se

petitioner's complaint or section 2555 motion, district courts have a "special responsibility" to construe such pleadings liberally. *Donald v. Cook County Sheriff's Dep't.*, 95 F.3d 548, 555 (7th Cir. 1996); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)(a "pro se complaint, 'however inartfully pleaded' must be held to 'less stringent standards than formal pleadings drafted by lawyers'"(quoting *Haines v. Kerner*, 404 U.S. 519 (1972)); *Brown v. Roe*, 279 F.3d 742, 746 (9th Cir. 2002)("pro se habeas petitioners are to be afforded 'the benefit of any doubt'")(quoting *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)).  In other words:

> The mandated liberal construction afforded to pro se pleadings "means that if the court can reasonably read the pleadings to state a valid claim on which the [petitioner] could prevail, it should do so despite the [petitioner's] failure to cite proper legal authority, his confusion or various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."

*Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999)(habeas petition from state court conviction)(alterations in original)(quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).  On the other hand, "a district court should not 'assume the role of advocate for the pro se litigant' and may 'not rewrite a petition to include claims that were never presented.'"    *Id.*  Here, the Court assessed Petitioner's claims with those guidelines in mind.

<u>Petitioner's Claims are Barred By the Waiver Provisions of His Plea Agreement</u>

Waivers of the right to pursue appellate and collateral relief

are enforceable if: (1) they are knowingly and voluntarily entered into; and (2) they are not the product of constitutionally ineffective assistance of counsel during their negotiation. *Mason v. United States*, 211 F.3d 1065, 1069 (7th Cir. 2000)(citing *Jones v. United States*, 167 F.3d 1142 (7th Cir. 1999)).

Petitioner claims, in his reply brief, that the waiver provisions in his plea agreement are invalid because he did not knowingly and voluntarily enter into the plea agreement. This argument was made for the first time in the reply brief. Although pro se litigants are entitled to some leeway in preparing and presenting their arguments, Petitioner's pro se status does not exempt him from the long-standing prohibition on raising new claims in reply briefs. Accordingly, Petitioner's claim that he did not knowingly and voluntarily enter into the plea agreement is waived.

Nonetheless, even if this claim had been made in the initial brief, it would have failed. Petitioner's claim that he did not understand the effects of the waiver provisions in his plea agreement are flatly contradicted by his testimony at the change of plea hearing. *See* Change of Plea Hr'g Tr. at 9-10; 28-31 (Petitioner repeatedly testifies that he understood the charges he was facing and the rights he was waiving, including the right to appeal or otherwise attack his conviction and sentence). Because of the great weight placed on these in-court statements, the Court credits them over Petitioner's later claims. *United States v. Martinez*, 169 F.3d 1049, 1054 (7th Cir. 1999). The change of plea hearing transcript demonstrates that Petitioner knowingly and

voluntarily entered into the plea agreement and specifically acknowledged the implications of the waiver provisions. The Court will not allow him to rewrite history in order to undercut the plea agreement's provisions. *See Martinez*, 169 F.3d at 1054 (citing *United States v. Byrd*, 669 F. Supp. 861 (N.D. Ill. 1987)). Petitioner's claim that he did not understand the effect of the waiver provisions must fail.

Because the waiver is valid, the only other claim that Petition could make in his 2255 petition is a claim that his attorney was ineffective in negotiating the waiver provision. But, Petitioner makes no such claim. Although he does make a vague claim that his attorney was ineffective at "trial, sentencing and resentencing", he makes no specific claim regarding the waiver. Accordingly, Petitioner's 2255 petition must fail.

<u>CONCLUSION</u>

For the reasons set forth above, Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By A Person in Federal Custody is **DENIED** and the Government's motion to dismiss is **GRANTED**. The Clerk is **ORDERED** to **DISMISS** this case with prejudice.

DATED:  January 4, 2007                    /s/RUDY LOZANO, Judge
                                           **United States District Court**

-8-